**In the Matter of David
L. ARRINGTON,
Debtor.**

**Neal Weinberg of Neal Weinberg, P.C.,
and F. Kennedy Hall of Hall, Bloch,
Garland & Meyer, LLP, Applicants,**

**v.**

**Mark Roadarmel, Assistant United
States Trustee, Respondent.**

**No. 02–51468 RFH.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 22, 2002.

**542**

Neal Weinberg, P.C., Macon, Georgia, applicants pro se.

F. Kennedy Hall, Macon, Georgia, for Hall, Bloch, Garland & Meyer, LLP.

Ed S. Sell, III, Macon, Georgia, for J. Coleman Tidwell.

Mark Roadarmel, Assistant U.S. Trustee, Macon, Georgia, for United States Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Chief Judge.

Neil Weinberg of Neal Weinberg, P.C. and F. Kennedy Hall of Hall, Bloch, Gar-

land & Meyer, LLP, Applicants, filed on July 8, 2002, an Application for Approval of Attorney's Fees and Expenses. Applicants' application came on for a hearing on August 8, 2002. The Court, having considered the application and the arguments of counsel, now publishes this memorandum opinion.

An involuntary Chapter 7 case was commenced against David L. Arrington, Debtor, on April 4, 2002. An order for relief under Chapter 7 was entered by the Court on April 11, 2002.

Debtor, prior to the filing of the involuntary bankruptcy, had entered into a contract to sell certain real property. The sale was a complex transaction. Applicants had assisted Debtor with the pending sale. Applicants contend that, after the bankruptcy filing, they assisted the Chapter 7 trustee with the real estate closing. Applicants also contend that they assisted the trustee in other ways which benefited the estate.

Trustee's counsel states that Applicants were very helpful and saved the trustee "a lot of time." Trustee's counsel notes, however, that Applicants' application fails to show how their services benefited the estate.

Mark Roadarmel, Assistant United States Trustee, Respondent, objects to Applicants' application. Respondent contends that the application does not address the *Johnson*[1] factors. Respondent contends that Applicants' services are not adequately itemized.[2] Respondent notes that some of Applicants' services simply enabled Debtor to fulfill his duties under section 521 of the Bankruptcy Code. Re-

---

1. See *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

2. See *Brake v. Tavormina (In re Beverly Mfg. Co.)*, 841 F.2d 365 (11th Cir.1988) (burden is

on attorney to establish value of his services; describes three-part process for determining reasonable attorney's fees in bankruptcy cases).

spondent contends that Debtor, rather than the estate, should pay for those services.

The Court notes that, in a Chapter 7 case, an attorney for the debtor is not entitled to an award of compensation from the bankruptcy estate under section 330 of the Bankruptcy Code. *Inglesby, Falligant, Horne, Courington & Nash, P.C. v. Moore (In re American Steel Product, Inc.)*, 197 F.3d 1354 (11th Cir.1999).

A Chapter 7 trustee, with the court's approval, may employ, for a specified special purpose, an attorney that has represented the debtor, if it is in the best interest of the estate. 11 U.S.C.A. § 327(e) (West 1993).

Simply stated, an attorney who has represented the Chapter 7 debtor is not entitled to compensation from the estate unless the court has approved the attorney's appointment for a specified special purpose under section 327(e).

In the case at bar, the Chapter 7 trustee has not moved the Court to approve the employment of Applicants for a specified special purpose under section 327(e). Respondent urges the Court to deny without prejudice Applicants' application. This would allow Applicants an opportunity to seek special appointment and, if appointed, to file an application for attorney's fees in accordance with applicable standards.[3]

The Court is persuaded that it must deny without prejudice Applicants' application for attorney's fees and expenses.

An order in accordance with this memorandum opinion will be entered this date.

---

3. Some of Applicants' services were of benefit to the estate. Applicants, Respondent, and the Chapter 7 trustee should confer to determine if they can agree on the value of Applicants' services.